UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

     Plaintiff,

v.                                                                    CASE NO. 8:07-cv-2009-T-23MSS

RICHARD E. AVICHOUSER
REVOCABLE LIVING TRUST, et al.,

     Defendants,

_____/

## ORDER

The plaintiff sues for injunctive relief for alleged violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. §12181 et seq., (the "ADA") and the ADA

Accessibility Guidelines, 28 C.F.R. Part 36 (the "ADAAG").  The defendants move

(Doc. 4) to dismiss the complaint pursuant to Rule 12(b)(1), Federal Rules of Civil

Procedure, because the plaintiff lacks standing to sue for injunctive relief, and the

plaintiff responds (Doc. 5) in opposition.

Standing to sue under Article III comprises three ingredients.  "First, the plaintiff

must have suffered an 'injury in fact'–an invasion of a legally protected interest which is

(a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or

'hypothetical.'  Second, there must be a causal connection between the injury and the

conduct complained of–injury has to be 'fairly . . . trace[able] to the challenged

action of the defendant, and not . . . th[e] result [of] the independent action of some third

party not before the court.'  Third, it must be 'likely,' as opposed to merely 'speculative,'

that the injury will be 'redressed by a favorable decision.'  Lujan v. Defenders of Wildlife,

504 U.S. 555, 560-61 (1992) (citations omitted).  Additionally, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate–as opposed to a merely conjectural or hypothetical–threat of future injury."  Wooden v. Bd. of Regents of Univ. Sys. of Georgia, 247 F.3d 1262, 1284 (11th Cir.2001) (emphasis in original) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).  "In ADA cases . . . a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

The defendants contend that the plaintiff fails to allege a real and immediate threat of future injury.  However, the complaint alleges that the plaintiff is disabled; that property owned, leased, or operated by the defendant (the "property") fails to comply with the ADA; and that the failure thwarted the plaintiff's attempt to enter the property. Additionally, the plaintiff alleges his residence in this judicial district and his intention "to visit [the property] again in the near future" to avail himself of the goods and services offered.  Accordingly, the complaint adequately alleges the prospect of future harm. See Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir. 1994) ("[W]hen lack of standing is raised in a motion to dismiss, the issue is properly resolved by reference to the allegations of the complaint"); Lujan, 504 U.S. at 562 ("[O]n a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim") (citation omitted); Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003); Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000)

(plaintiff's proffered amended complaint, which added an allegation that "in the near future" she would again cruise aboard the defendant's ship, "would have cured the defect about standing in the original complaint");[1] Team Accessibility Group, Inc. v. T.M. Megas, L.C., No. 8:04-cv-1820 (SDM), 2005 WL 1074277, *1 (M.D. Fla. Apr. 8, 2005). But see  Access for the Disabled, Inc. v. Rosof, No. 8:05-cv-1414 (JSM), 2005 WL 3556046 (M.D. Fla. Dec. 28, 2005).  Accordingly, the defendants' motion to dismiss (Doc. 4) is **DENIED**.

ORDERED in Tampa, Florida, on December 7, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1]  But see Access for America, Inc. v. Associated Out-Door Clubs, Inc., No. 206-cv-0374, 188 Fed. Appx. 818, 818 (11th Cir. 2006) (finding "no error in the district court's conclusion that, as [the plaintiff] lacked the requisite concrete and specific intent to return to the [Tampa Greyhound] Track because he could not demonstrate that there was any reasonable chance of his revisiting the Track, other than 'someday,'" he lacked standing to seek injunctive relief); Out-Door Clubs, 188 Fed. Appx. at 820 (Barkett, J., dissenting) ("Our decision in Stevens cannot be squared with [the] resolution of the present case."). Unlike the defendants' "facial" challenge to subject matter jurisdiction, which relies solely on the allegations in the pleadings, Out-Door Clubs involved a "factual" challenge to subject matter jurisdiction. In deciding the motion the district court accordingly considered the individual plaintiff's deposition and answers to interrogatories. See Access for America, Inc. v. Associated Out-Door Clubs, Inc., No. 8:04-cv-650 (EAJ) (M.D. Fla. June 15, 2005) (distinguishing Stevens because "[i]n the present case . . . the court must look beyond the pleadings, as a factual attack on subject matter jurisdiction has been launched by Defendant."); Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) ("Facial attacks [on subject matter jurisdiction under Rule 12(b)(1)] challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.") (citations omitted).  In any event, Out-Door Clubs is an unpublished opinion and therefore not controlling. See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").